UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                                  Crim. No. 09-160 (PAM)

                Plaintiff,

v.                                                                                                **ORDER**

Byronte Juwann Reed,

                Defendant.
_____

This matter is before the Court on Defendant Byronte Juwann Reed's Motion for Compassionate Release under the First Step Act. Reed asserts that he has underlying health conditions that make him susceptible to complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court grants the Motion.

## BACKGROUND

In October 2016, Reed pled guilty to sex trafficking of a minor. The Court imposed a sentence of 180 months' imprisonment, to be followed by 25 years of supervised release. (Docket No. 69.) Reed has served more than 75% of his sentence; with credit for good time, Reed is scheduled for release in March 2023. He is currently incarcerated at the Federal Correctional Institution Englewood in Littleton, Colorado ("FCI Englewood").

## DISCUSSION

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes

the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  Reed suffers from asthma.  He submitted evidence that he has experienced continued difficulty controlling his asthma during his incarceration, and evidence that he uses both an inhaler and nebulizer to manage his condition.

Although the Government argues that Reed has not requested a release from the Warden of his facility, Reed supplied the Court with a release request he submitted on April 8, 2020, and he asserts that he has received no response to that request.  (Def.'s Reply Mem. (Docket No. 103) Ex. 1.)  The Court will therefore assume that Reed has sufficiently exhausted available administrative remedies.  See 18 U.S.C. § 3582(c)(1)(A) (allowing defendant to bring a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

Recent guidance from the Centers for Disease Control (CDC) make clear that those suffering from moderate to severe asthma may be at increased risk of severe complications from COVID-19.  Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 12, 2020).  The Government argues that there is no indication in the medical records that Reed's asthma is moderate or severe, but does not deny that Reed's medical records show that he suffers from frequent asthma attacks and complications from his asthma, in addition to needing significant medication to treat the condition.  And, as Reed points out, asthma is the second most common comorbidity

2

among individuals between the ages of 18 and 49 who are hospitalized for COVID-19 complications. (Def.'s Reply Mem. at 8.)

In addition, six inmates at FCI Englewood have tested positive for the virus, and Reed asserts that at least one staff member has tested positive, although that staff member appears to have recovered. Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited July 12, 2020). Reed's vulnerable health status and the presence of the virus in his facility constitute "extraordinary and compelling reasons" for the Court's reconsideration of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

The Court then considers whether the general sentencing factors in § 3553(a) warrant a reduction in sentence. The Court does not minimize the seriousness of Reed's offense, which involved trafficking a 17-year-old girl and possibly other minors, as well as the use of threats of violence to maintain the victim's compliance. But Reed has now served more than 10 years in prison. He has completed drug-abuse programming, received his GED, and has availed himself of substantial continuing education opportunities. The Court believes that Reed no longer poses a danger to the community. The § 3553(a) factors warrant a reduction in Reed's sentence to time served.

The First Step Act contemplates the Court imposing "a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Id. § 3582(c)(1)(A). Reed requests that the Court release him to his cousin's residence in Apple Valley, Minnesota. But the Probation Office's investigation determined that this residence would not be an appropriate placement for

Reed, given that he must register as a sex offender after his release. The Court will instead release Reed to a residential reentry center for up to 180 days, until the Probation Office can locate a suitable residence for him.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Reed's Motions for Compassionate Release (Docket Nos. 90, 93) are **GRANTED**;

2. Reed's sentence of 180 months' imprisonment is **REDUCED** to time served under 18 U.S.C. § 3582(c)(1)(A);

3. Reed shall be placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the Judgment (Docket No. 69), with to the following additional conditions:

    a. Reed shall reside for a period of up to 180 days in a residential reentry center as approved by the Probation Officer, and shall observe the rules of that facility, which may include location monitoring with Global Positioning System (GPS) technology;

    b. Reed is not allowed to advertise himself or others for escort services in any form of media and is restricted from employment or volunteer work in the adult entertainment industry; and

    c. Reed shall not create, possess, view, access, or otherwise use pornography or any material that is sexually stimulating or sexually

    oriented deemed to be inappropriate by the U.S. Probation Officer in consultation with the treatment provider; and

4.  The execution of this Order may be stayed for up to ten days to allow the Bureau of Prisons and the U.S. Probation Office to make the necessary arrangements for Reed's release.

Dated:  July 13, 2020

           *s/ Paul A. Magnuson*
           Paul A. Magnuson
           United States District Court Judge